```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                                        )
THOMAS ANDERSON,                        )
        Plaintiff,                      )
                                        )
v.                                      )   Civil Action No.
                                        )   20-12183-PBS
BARABARA DUBE,                          )
MARK BURRELL,                           )
MARK EMERO,                             )
MRS. MARK EMERO,                        )
HON. GUSTAVO A. DEL PUERTO,             )
KEVIN RHINEY,                           )
LINEAR PROPERTY MANAGEMENT, and         )
SHAW PLACE CONDOMINIUM,                 )
                                        )
        Defendants.                     )
_____)
```

MEMORANDUM AND ORDER

MARCH 29, 2021

SARIS, D.J.

Before the Court is pro se plaintiff Thomas R. Anderson's ("Anderson") Application to Proceed without Prepayment of Fees and Affidavit, ECF No. 2 ("the Application"). For the reasons stated below the Application is hereby ALLOWED. Beause Anderson is proceeding in forma pauperis, the Court screens the complaint pursuant to 28 U.S.C. § 1915. For the reasons stated below, all of the complaint is DISMISSED, but Anderson will be permitted an opportunity to amend his complaint.

   I.   Background

   The following facts are taken from the complaint and accepted as true only for purposes of this screening. Compl.,

ECF No. 1.  Anderson suffered a stroke in September 2018, paralyzing his left side.  ECF No. 1-3 2.  At that time, he and his former fiancé, Melissa Allan ("Allan") rented a condominium owned by Mark Emero and his wife located defendant Shaw Place Condominium ("Shaw Place").  Id. at 3.  Anderson, through Allan, requested that the Emeros install railings in the stairwell of his building to safely enter and exit the residence in light of Anderson's new physical limitations.  Id.  Anderson was informed that the condominium association would need to approve any such accommodation because there was already a railing in the center of the stairwell.  Id.  The existing railing in the center of the stairwell was purportedly insufficient for Anderson.  Id. Allan was told to put the request in writing by defendants Kevin Rainey ("Rainey") and Barbara Dube ("Dube"), employees of defendant Linear Property Management ("Linear Property").  Id. Anderson's partner complied with the request.  Id.  While this request was pending, Anderson suffered two falls on the stairs, purportedly resulting in severe injuries.  Id. at 4.

Anderson filed an injury report with the Shaw Place condominium association.  Id.  An unnamed insurance company, apparently the Shaw Place condominium association's insurance company, offered Anderson $20,000 to resolve the claim.  Id. Anderson accepted the funds and paid the Emeros $5,000 in back rent.  Id.  The Shaw Place condominium association refused to

take further injury reports from Anderson, even though he suffered further falls on the stairs. Id. at 5. In December 2019, railings were finally installed, and Anderson has not fallen on those stairs since this installation. ECF No. 1-4 2.

In December 2019, the Emeros' attorney, defendant Mark Burrell ("Burrell"), Dube and Rainey filed a notice to quit (an eviction notice), purportedly in retaliation for his claim. ECF No. 1-5. According to Anderson, the Shaw Place condominium association pressured the Emeros to evict Anderson. Id.

Anderson lost the eviction proceeding. Anderson claims that Housing Court Judge Gustavo A. Del Puerto mishandled his case. In particular, Anderson alleges that at the last hearing in his eviction case, Judge Del Puerto "would not allow Ms. Allan to respond to anything and made only [Anderson] speak to defend us against Mark [Emero] and his attorney while having full knowledge of my seriously diminished mental capacity due to numerous head injuries, and front lobe damage yet I was made to speak for us and Melissa [Allan] had no brain damage but was not allowed to speak and he ruled against us. . ." ECF No. 1-6 at 3. Anderson claims as a result, he was evicted. Id. Further, he claims that Judge Del Puerto "lie[d]" when he claimed that Anderson never mentioned a counterclaim for his injuries. Id. Anderson requests that Judge Del Puerto, under the Americans with Disabilities Act, "be ordered to forf[e]it hand over his

3

own home to the plaintiff for ignoring federal law and making someone who has numerous traumatic brain injuries represent himself in and not allow his fiancé to speak at the hearing or grant him proper couns[e]l and then order the victim of deliberate negligence and his doctor-ordered service dog to be evicted homeless…"  ECF No. 1-6 at 2.  Further, Anderson explicitly invites this Court to review the eviction decision and discipline Judge Del Puerto, requesting: "Massachusetts Housing Court Case Docket Number 19H77SP005685 <u>Mark Emero v. Thomas Anderson and Melissa Allen</u> should be examined and if . . . Judge Gustavo [A. Del Puerto] did not treat Mr. Anderson's situation lawfully after reading the docket number in question within the rules of law then remove his robe and give to Mr. Anderson or just disbar him and remove him from office."  ECF No. 1-6 4.

   Anderson relates other problems, such as a fall at Lowell Superior Court, and substantial medical bills incurred in various falls.  Anderson also describes as damages his apparent default in a court action that he and Allan brought against Target.  Along with the complaint, Anderson filed his Application.

4

II. Discussion

   A. <u>Anderson May Proceed In Forma Pauperis.</u>

   Based upon a review of Anderson's financial disclosures, the motion for leave to proceed <u>in forma pauperis</u> (ECF No. 2) is <u>ALLOWED</u>.  <u>See</u> 28 U.S.C. § 1915(a)(1).

   B. <u>Screening of the Complaint.</u>

   Because Anderson is proceeding <u>in forma pauperis</u>, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> <u>id.</u>; <u>Neitzke v. Williams</u>, 490 U.S. at 325; <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001).  In conducting this review, the Court liberally construes Anderson's complaint because he is proceeding <u>pro se</u>.  <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Instituto de Educacion Universal Corp. v. U.S. Dept. of Education</u>, 209 F.3d 18, 23 (1st Cir. 2000).  Furthermore, in examining the complaint, this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."

Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

### C. Claims Against Judge Del Puerto in his Individual Capacity are Barred by Doctrine of Absolute Judicial Immunity.

To the extent that Anderson seeks recourse against Judge Del Puerto individually, the claims are barred by the doctrine of absolute judicial immunity. It is well-established that adjudicatory functions are cloaked with absolute judicial immunity. Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019). Under that doctrine, even if Anderson is correct that Judge Del Puerto's actions were unfair or even malicious (claims about which this Court makes no finding) Anderson has no recourse against him in this Court. Id. As the First Circuit instructs, "[t]he breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. (citations and quotations omitted). "To determine if a judge is entitled to the full protection of the doctrine's deflector shield, the Supreme Court has assessed whether the judge's act was one

6

normally performed by a judge, and whether the parties were dealing with the judge in his or her judicial capacity." Id. (citing Stump v. Sparkman, 435 U.S. 349, 362 (1978)).

Here, Anderson's claim against Judge Del Puerto fits squarely within this doctrine: presuming (but not finding) the facts as alleged, Judge Del Puerto acted in his capacity as an adjudicator when he ruled who could speak at Anderson's eviction proceeding.  Accordingly, claims against Judge del Puerto in his individual capacity fail to state a claim upon which relief can be granted because the claims are barred by absolute judicial immunity.

To the extent that a claim might survive under Title II of the Americans with Disabilities Act for access to the courts, see Tennessee v. Lane, 541 U.S. 509, 516-17 (2004), against Judge Del Puerto solely in his official capacity, and therefore perhaps made against the Commonwealth of Massachusetts, see Phillips v. New Hampshire Cir. Ct., 8th Cir., Dist. Div.-Keene, 13-CV-313-JL, 2014 WL 495656, at *1 (D.N.H. Feb. 5, 2014); Santiago v. Garcia, 70 F.Supp.2d 84, 91 (D. Puerto Rico 1999), that claim has not been plausibly pleaded.  Even if it were, the Court would have no jurisdiction over the claim because Anderson's purported injuries arise directly from the eviction

judgment entered by Judge Del Puerto and would be barred by the Rooker-Feldman doctrine.[1]

"Under the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Tyler v. Supreme Judicial Court of Massachusetts, 914 F.3d 47, 50 (1st Cir. 2019) (citation and quotations omitted). It applies where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Id. "The idea is that . . .[generally]. . . the only federal court with statutory jurisdiction to review a state court's decision is the Supreme Court, and 'an aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly.'" Id. (quoting Rooker, 263 U.S. at 416). Here, all of the elements are met. First, Anderson lost in the underlying eviction proceeding. Second, Anderson claims his injury vis-à-vis Judge Del Puerto arises from the eviction judgment: that is, had Alan been permitted to argue, he would not have been evicted. Third, this action was filed after the eviction proceeding ended. Fourth, Anderson's claim against

---

[1] The Rooker-Feldman doctrine derives from two cases: Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Judge Del Puerto necessarily invites this Court to review and reject the eviction order of the Housing Court. To the extent that Anderson claims, as here, that the eviction judgment itself caused him injury, his recourse was to appeal that judgment, not file suit in this federal court. See Macdonald v. Strafford County Sup. Ct., 18-CV-1100-JL, 2019 WL 1385106, at *5 (D.N.H. Mar. 27, 2019) (holding ADA claims among others "against the individual judges must be dismissed because of the judicial immunity and Rooker-Feldman doctrines. Any derivative claims against the Superior Court are barred for the same reasons."); Gribbin v. New York State Unified Ct. System, 18CV6100PKCAKT, 2020 WL 3414663, at *1 (E.D.N.Y. June 22, 2020); Wiltz v. New York U., 118CV00123GHWSDA, 2019 WL 721658, at *6 (S.D.N.Y. Feb. 1, 2019) ("The Court finds that [plaintiff's] ADA claims invite review of the decisions and orders of the housing court, and the Court lacks jurisdiction over those claims."); Skipp v. Connecticut Judicial Branch, 2015 WL 1401989, at *8 (D.Conn. 2015); Stebbins v. Hannah, 4:15CV00436-JLH-JJV, 2015 WL 5996295, at *4 (E.D. Ark. Sept. 1, 2015) (recommending dismissal of ADA claims against state on grounds that permitting vicarious liability of state for acts of judges under the ADA "would allow claimants to skirt judicial immunity simply by bringing their suit against a judge's employer…Put bluntly, it appears Plaintiff is attempting to contest judicial decisions he

9

disagrees with by framing them as ADA violations"), report and recommendation adopted, 4:15CV00436-JLH-JJV, 2015 WL 5999787 (E.D. Ark. Oct. 14, 2015); Grimes v. Fla., 2014 WL 1331045, at *4 (M.D.Fla.,2014) ("The essence of [plaintiff's] ADA claim[] is that the state trial court violated the ADA by denying her accommodation requests, which ultimately led to the dismissal of her lawsuit.  Such claims are barred by the Rooker-Feldman doctrine.").

    D. Claims under Title III of the Americans with Disabilities Act Fail to State a Claim Upon which Relief can be granted.

Anderson's claims under "the Americans with Disabilities Act" against the remaining defendants appear to be brought under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, but fail as a matter of law.  Title III of the ADA states in pertinent part:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).  As the First Circuit has recently held, Title III excludes claims for monetary damages for past harm; rather, only "forward-looking" injunctive relief is available. G. v. Fay School, 931 F.3d 1, 9 (1st Cir. 2019).  Here, Anderson is seeking only monetary damages from the remaining defendants

10

inasmuch as he pleads that the requested railings were installed over a year ago. Compl. ECF No. 1, Part IV (seeking damages); ECF No. 1-4 2 ("I haven't fallen once since the reasonable request for railings as the American with Disabilities Act requires...In December 2019 railings were finally installed more than a year after the Condo Association Insurance Company paid for two of the falls."). Accordingly, presuming without finding that a claim could otherwise be brought against the remaining defendants under this statute, a claim under Title III of the fails to state a claim upon which relief can be granted based upon the relief sought here. See Martinez v. National University College, 2020 WL 1933646, at *6 (D.P.R. 2020). The same is true to the extent a claim might be brought for retaliation under Title V of the ADA inasmuch as the remedy under Title V for retaliation is necessarily limited to "forward looking" injunctive relief under Title III. Fay Sch., 931 F.3d at 11.

E. The Court Declines to Exercise Supplemental Jurisdiction.

Absent any further federal claims presented, to the extent that Anderson might plead state-law claims (a point on which this Court takes no position), the Court is not inclined to exercise supplemental jurisdiction over any state law claims under 28 U.S.C. §1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the

district court has dismissed all claims over which it has original jurisdiction."). This Order does not preclude Anderson from pursuing such claims, if any, in another forum.

F. Leave to File an Amended Complaint.

While Anderson has not specifically pleaded claims under any other federal statutes, the Court does not want to preclude him from attempting to assert other federal claims, such as the Fair Housing Amendments Act, 42 U.S.C. §§ 3601-3619, 3631, if applicable. Anderson is granted leave to file an amended complaint within 30 days of the entry of this order.

III. Conclusion and Order

For the reasons stated above, the Application (ECF No. 2) is ALLOWED. Upon screening under 28 U.S.C. § 1915, the complaint is DISMISSED. Anderson will be permitted leave to file an amended complaint within 30 days of the entry of this order, otherwise the action will be dismissed.

**So Ordered.**


  /s/ PATTI B. SARIS

                                PATTI B. SARIS
                                United States District Judge