```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                        )
THOMAS ANDERSON,                        )
        Plaintiff,                      )
                                        )
v.                                      )    Civil Action No.
                                        )    20-12183-PBS
BARABARA DUBE,                          )
MARK BURRELL,                           )
MARK EMERO,                             )
MRS. MARK EMERO,                        )
KEVIN RHINEY,                           )
LINEAR PROPERTY MANAGEMENT              )
SHAW PLACE CONDOMINIUM,                 )
INSURNCE LINEAR PROPERTY MANAGEMENT     )
SHAW PLACE CONDOMINIUM INSURANCE,       )
                                        )
        Defendants.                     )
_____)
```

ORDER DISMISSING CASE WITHOUT PREJUDICE

JULY 23, 2021

SARIS, D.J.

Before the Court is pro se plaintiff Thomas R. Anderson's ("Anderson") Motion to Amend the Complaint (ECF No. 7) to bring a claim under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182. The motion is DENIED and this action is DISMISSED without prejudice.

As an initial matter, Anderson cannot represent Ms. Allan and it is unclear whether she is even aware of the amended complaint. Pursuant to Local Rule 83.5.5(b), Anderson, who is apparently not an attorney, may not represent any other persons before this Court. Moreover, Ms. Allan has not signed the

amended complaint.  See Fed. R. Civ. P. 11.  There is no need to permit leave to cure these apparent defects where the action is otherwise being dismissed without prejudice.

Second, and substantively, Anderson's sole claim is a Title III ADA claim that the Court previously explained fails as a matter of law.  See March 29, 2021 Memorandum and Order, ECF No. 4.  As the First Circuit has recently held, and Anderson was previously informed, see id., Title III of the ADA excludes claims for monetary damages for past harm; rather, only "forward-looking" injunctive relief is available. G. v. Fay School, 931 F.3d 1, 9 (1st Cir. 2019).  To be clear, injunctive relief is not monetary relief.  Moreover, on the face of the complaint, there is apparently no further injunctive relief available where the requested railings were installed in December 2019.  Proposed Am. Compl. 3, ECF No. 7-1. Accordingly, presuming a claim could be brought under Title III of ADA on the face of the proposed amended complaint, it fails to state a claim upon which relief can be granted.

This Order does not preclude Anderson from pursuing a new case in this Court if he can articulate a federal claim as he was previously permitted leave to do under a different federal statute or other basis for federal jurisdiction, if any.  It further does not preclude Anderson's pursuit of state law

claims, if any, in state court, and any such state claims are dismissed without prejudice.

Accordingly, this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915.  The motion for summary judgment (ECF No. 8) and motion for appointment of counsel (ECF No. 6) are each DENIED as MOOT.[1]  The Clerk is directed to enter a separate order of dismissal.

**So Ordered.**

                                              /s/ Patti B. Saris
                                              PATTI B. SARIS
                                              United States District Judge

---

[1] In Anderson's motion for summary judgment, he requests, among other things, for this Court to "cause defendants jail time with federal charges." Mot. Summ. J. 2, ECF No. 8. This Court does not have the authority to bring federal criminal charges. See May v. May, CV 17-40048-DHH, 2017 WL 10741912, at *2 (D. Mass. Apr. 25, 2017), report and recommendation adopted, 4:17-CV-40048, 2017 WL 10742249 (D. Mass. May 25, 2017).